Caruthers, J.,
delivered the opinion of the Court.
This is an appeal by the State from a judgment of the Circuit Court of Claiborne, quashing an indictment against the defendant for an assault and battery, upon the ground that there was no entry upon the minutes showing that the indictment had been returned into Court by the grand jury.
The motion was made at the next term after the indictment was found, and before trial.
The Court is not bound to quash an indictment or presentment at all, but may, at discretion, leave the party to demur or plead in abatement. Meigs’ R., 192; 1 Chit. C. L., 299; 1 Dev. & Bat., 195.
But, perhaps, the Court may quash in a proper case without putting the defendant to his plea or demurrer for the same *158 matter. Admitting that to he so, is the ground sufficient in this case ?
In Chappel v. The State, 8 Yer., 166, a case of petit larceny, the Court arrested the judgment because there was no record evidence that the indictment had been returned into Court by the grand jury. In Blevins v. The State, Meigs’ R., 82, in a case of assault and battery, the case is recognized as law, but it is said that it goes to the verge of the law, and is doubted in a note by the reporter. In Henry v. The State, 4 Hum., 272, the previous cases are “ adhered to as the settled law of the Court.” In all these cases, the objection was taken after the trial. By the act of 1852, carried into the Code, sec. 5242, the law on that point was changed, and the objection obviated after trial and conviction. The Legislature went no further than to provide for the cases decided by the Court. It has never been decided, that this omission of the clerk can be made available in any mode by a defendant before trial. The question is new in that aspect. The indictment is signed by the officer of the State, endorsed, “ a true bill,” by the foreman of the grand jury by his official signature, and is placed upon the docket for trial. It savors of form more than substance, to make it material that an entry should be made by the clerk, that it was returned into Court. How else could it be placed on the docket ? But this should be done to make the record perfect. Yet, the difficulty may be removed by ordering an entry to be made upon the minutes at the time, if it be brought to the notice of the Court at the same term; but if at the following term, as in this case, instead of sustaining the motion to quash, the Court should order the entry to be made nunc pro tune.
Let the judgment be reversed, and the cause remanded for trial.